## Case No. 17,126.

### In re WALTHER et al.

[14 N. B. R. 273.] [1]

District Court, E. D. Michigan. Feb. 25, 1876.

#### DEPOSITIONS—ALTERATIONS—VERIFICATION.

A deposition which has been altered to correct an error must be resworn to before it can be filed. A deponent cannot confer upon another the power to alter a sworn paper.

The register certified that on the 16th day of December, 1875, a deposition, entitled "In the matter of Alphonse Walther, a Bankrupt," was offered to prove a debt alleged to be owing by Alphonse Walther, one of the above-named bankrupts, to William Resor & Co., of Cincinnati, Ohio. There being no such cause pending before him as that in which the deposition offered was entitled, he declined to accept it as satisfactory. Shortly after the same paper was again offered, the entitling having been altered by inserting the name of Pius Walther and making a corresponding correction in the body of the deposition. There being no evidence that the deposition had been resworn to since its alteration, he declined again to accept it. On the 20th day of January last it was again presented. accompanied by the statement that it had been returned to the attorneys of the claimant, Messrs. Noyes and Lloyd, of Cincinnati, who declined to have it resworn to, conceding that they had made the alteration in the proof, claiming authority from their client to do so, that it was immaterial in its character, and insisting that the question should be certified into court for determination.

Opinion of HOVEY K. CLARKE, Register in Bankruptcy:

That an affidavit to be used in a cause pend-

[1] [Reprinted by permission.]

ing in any court must be correctly entitled in the court, I have supposed was a well-settled and indisputable principle of practice. The reason is conspicuously stated in Whipple v. Williams, 1 Mich. 115: "Affidavits must be correctly entitled in the cause in which they are to be used; otherwise an indictment for perjury would not lie upon them if false." The occasion of the error in the case cited was, that when the suit was commenced there were two plaintiffs. The cause had been severed, and the court says that "since the severance there is no such cause in this court as that in which the affidavits are entitled." If it were possible to suppose that proofs of debt in bankruptcy did not come within this general principle applicable to affidavits, general order 34, adopted by the supreme court, at the December term, 1871, settles the question. It provides that "depositions to prove claims against a bankrupt's estate shall be correctly entitled in the court and in the cause." If the reason assigned by the court in Whipple v. Williams, that unless an affidavit is correctly entitled, an indictment for perjury would not lie upon it if false (and there are many other cases to the same effect), then, of course, the title of the affidavit is as material as any part of it. When the oath was administered to the paper offered to me as proof of the debt due Wm. Resor & Co., it was not such a paper as, if false, could support a prosecution for perjury. It was not perjury to swear to it. If perjury could be assigned upon it, if false, in the form as last presented to me, it is because of the alterations which have been made in it by Messrs. Noyes & Lloyd.

I am specially requested to call the attention of the court to the fact that these alterations are claimed to have been made by authority, which, in other words, claims that, without the administering of an oath, Resor, the deponent, could authorize his attorney to convert a paper signed by him, and then lacking the essential qualities of a judicial deposition, into a sworn paper having all such qualities. This is, in fact, enabling the attorney to swear what an alleged deponent is averred to say is true, and its effect is claimed to be, to charge the alleged deponent with the pains and penalties of perjury if the averments be false. I am not aware that such a claim has ever been made anywhere before, and if admissible anywhere, it would not be in proofs of debt in bankruptcy, because the statute (section 5078) requires that all such proofs must be made by the claimant in person, unless he is absent from the United States, or prevented by good cause from testifying.

All of which is respectfully certified.

Approved.　　　　H. H. EMMONS.
United States Circuit Judge, Sitting in the Absence of the District Judge.